DONALD MACKAY, as Executor, etc., of ELIZABETH R. B. KING, Deceased, Respondent, *v.* ROWLAND B. DENNINGTON, as Administrator, etc., of JANE E. JESSUP, Deceased, Appellant, Impleaded with MARY B. DURYEA, as Executrix, etc., of HARMANUS B. DURYEA, Deceased, and Others, Respondents.

*Motion to correct a judgment — consistency between an interlocutory and a final judgment.*

It was determined by the interlocutory judgment rendered in an action that a beneficiary under a trust fund created by a will was entitled to the gross income of the fund free and clear of any and all deductions or charges for taxes paid or to be paid upon the principal fund. It was also decreed that a referee

therein named should ascertain and report the amount due such beneficiary, which ought to be paid to her by the trustees of such fund, for or on account of deductions which they had made from her income for or on account of taxes upon the principal sum producing the same.

The referee reported the sum so deducted from such income by such trustees to be $6,265.20, and that the amount of interest accrued on the several sums so deducted from such income for taxes amounted to $7,298.15. A schedule annexed to the referee's report showed the amount of the taxes deducted, the amount of interest thereon, the period of computation of such interest and its rate.

The final judgment entered in the action, after confirming the report of the referee and overruling all exceptions thereto, adjudged, among other things, that such beneficiary was entitled to recover from her trustees the sums so deducted for taxes, *without interest,* and fixed the amount thereof at $3,265.20.

Thereafter the representative of such beneficiary moved, on the interlocutory judgment, the report of the referee, and the final judgment, for an order that the final judgment be corrected so that the representative of such beneficiary should be adjudged entitled to recover, in addition to the $6,265.20, the amount of $7,298.15, being the interest on the sums so deducted for taxes paid as shown by the report of the referee. Such motion was denied, and from the order denying the same an appeal was taken.

*Held,* that the referee had no authority to determine any question of law and did not assume to decide that the beneficiary was entitled to interest on the sums paid for taxes; that he simply reported the sums paid, the dates when paid and the interest on such sums, leaving it for the court to determine by the final judgment whether interest should or should not be allowed;

That it was not adjudged by the interlocutory judgment that the beneficiary was entitled to recover interest on the amounts paid by the trustees for taxes on the trust fund and deducted from the annual payments made to her;

That it was determined by the final judgment that the representative of such beneficiary was not entitled to interest on such sums;

That there was no inconsistency between the interlocutory and final judgments, and no mistake which could be corrected on motion;

That the only way in which the decision of the Special Term, embodied in the final judgment, could be reviewed was by an appeal from the final judgment.

APPEAL by the defendant, Rowland B. Dennington, as administrator, etc., of Jane E. Jessup, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of June, 1894, denying his motion to correct the final judgment rendered in the action so as to make the same conform to the interlocutory judgment entered in said clerk's office on the 16th day of February, 1872.

Gilbert W. Bowne died November 27, 1853, leaving a will which was .duly probated, by which certain trustees therein appointed were directed to pay the gross income on $20,000 to Jane E. Jessup during her life, but instead of obeying such direction they deducted the taxes assessed on the sum invested and paid to her the gross income, less such taxes. An action was brought in which it was, by an interlocutory judgment entered February 16, 1872, adjudged, among other things :

"*Third.* That the defendant, Jane E. Jessup, was, and is, entitled to the gross income of the $20,000 directed by the will of Gilbert W. Bowne to be invested for her, free and clear of any and all deductions or charges for taxes paid or to be paid on the principal sum invested or to be invested. * * *

"*Eighth.* And it is further ordered, adjudged and decreed that the said Philo T. Ruggles ascertain and report how much or what amount is due and owing to the said Jane E. Jessup, and ought to be paid to her by the said trustees, for or on account of deductions which they have made from her annuity for or on account of taxes on the principal sum or investment which has produced, or is producing, such annuity."

July 22, 1881, Philo T. Ruggles, the referee appointed by the interlocutory judgment, filed his report, of which, so far as it relates to the rights of Jane E. Jessup, the following is a copy :

"*Twenty-eighth.* I further report that, pursuant to the directions contained in said interlocutory decree, I have taken an account of the amount due and owing to the defendant, Jane E. Jessup, and which ought to be paid to her by the said trustees, for or on account of deductions they have made from her annuity, for or on account of taxes on the principal sum or investment which has produced, or is producing, such annuity, and find and report that the aggregate sum so deducted from her annuity for or on account of taxes on the principal sum or investment is the sum of $6,265.20. Such account showing the particulars of such deductions is hereto annexed and marked 'Schedule K.' Such schedule shows also the amount of interest accrued on the several sums so deducted from said annuity for taxes to June 2, 1881, amounting to $7,298.15."

*Statement showing payments for Taxes (exclusive of Income Tax), charged to account of Jane E. Jessup (and the $20,000 Trust Fund), with interest computed from date of payment to January 1, 1880, at seven per cent, and from January 1, 1880, to June 2, 1881, at six per cent.*

| Date of payment. | Book E, folio. | Amount of tax. | Time to Jan. 1, 1880. Yrs. | Mos. | Days. | Interest at 7 per cent. |
|---|---|---|---|---|---|---|
| 1856. | | | | | | |
| Nov. 26 ............... | 283 | $265 20 | 23, | 1, | 5 | $428 77 |
| 1857. | | | | | | |
| Nov. 30 ............... | 283 | 326 60 | 22, | 1, | 1 | 502 96 |
| 1858. | | | | | | |
| Nov. 27 ......... .... | 283 | 291 40 | 21, | 1, | 4 | 430 28 |
| 1859. | | | | | | |
| Dec. 6 ............... | 284 | 262 20 | 20, | 0, | 25 | 368 06 |
| 1860. | | | | | | |
| Nov. 24 ............... | 284 | 387 20 | 19, | 1, | 7 | 517 74 |
| 1861. | | | | | | |
| Nov. 29 ............... | 285 | 456 54 | 18, | 1, | 2 | 578 06 |
| 1862 | | | | | | |
| Nov. 14 ............... | 285 | 323 18 | 17, | 1, | 17 | 387 53 |
| 1863. | | | | | | |
| Nov. 16 ............... | 285 | 340 80 | 16, | 1, | 15 | 384 67 |
| 1864. | | | | | | |
| Nov. 15 ............... | 286 | 644 56 | 15, | 1, | 16 | 682 54 |
| 1865. | | | | | | |
| Dec. 19 ............... | 287 | 611 72 | 14, | 0, | 12 | 660 90 |
| 1866. | | | | | | |
| Dec. 6 ............... | 287 | 669 70 | 13, | 0, | 25 | 609 41 |
| 1867. | | | | | | |
| Oct. 19 ............ .... | 288 | 198 00 | 12, | 2, | 12 | 169 09 |
| 1868. | | | | | | |
| Dec. 17 ............... | 288 | 770 54 | 11, | 0, | 14 | 595 40 |
| 1869. | | | | | | |
| Nov. 26 ............... | 289 | 717 56 | 10, | 1, | 5 | 507 16 |

Total payments................. $6,265 20      $6,762 57

Add interest at 6 per cent on $6,265.20 to June 2, 1881, 1 year, 5 months, 1 day.......................................... 535 58

Total interest on payments.................................... $7,298 15

Afterwards an application was made on the interlocutory judgment, the report of the referee and the exceptions thereto, for a final judgment, and after hearing counsel for all of the litigants it was, by a final judgment, entered July 3, 1894, among other things, adjudged as follows:

"It is ordered, adjudged and decreed that the said report of Philo T. Ruggles be, and the same is hereby, ratified and confirmed, and that all the exceptions to said report by any of the defendants be, and the same are hereby, overruled. * * *

" And it having been ordered, adjudged and decreed by the interlocutory judgment herein entered on the sixteenth day of February, one thousand eight hundred and seventy-two, that the said Philo T. Ruggles, the referee, ascertain and report how much or what amount is due and owing to the said Jane E. Jessup and ought to be paid to her by the said trustees for or on account of deductions which they had made from her annuity for or on account of taxes on the principal sum or investment which has produced or was producing such annuity, and it appearing by the said report of the referee, bearing date the first day of July, one thousand eight hundred and eighty-one, that the amount due and owing to the defendant, Jane E. Jessup, and which ought to be paid to her by the said trustees for or on account of deductions they had made from her annuity for or on account of taxes on the principal sum or investment which has produced, or was producing, said annuity, that the said aggregate sum so deducted from the annuity was six thousand two hundred and sixty-five dollars and twenty cents.

" It is ordered, adjudged and decreed that the defendant, Roland B. Dennington, as administrator with the will annexed of Jane E. Jessup, is entitled to recover, and that he do recover, from the estate of Gilbert W. Bowne the said sums so deducted for taxes, WITHOUT INTEREST, and that the same be paid to him by the United States Trust Company of New York, the substituted trustee, out of the principal of said trust fund of twenty thousand dollars, or out of any accumulated interest thereon, held or received by said company, * * * and it also further appearing that the said Jane E. Jessup died in the city of Brooklyn on the thirteenth day of December, one thousand eight hundred and eighty-six, without issue, leaving a last will, which was duly admitted to probate by the surrogate of the county of Kings, and the executor therein named died, after having qualified as such, and Roland B. Dennington was appointed administrator with the will annexed of the said Jane E. Jessup ; and it also further appearing that during the lifetime of the said Jane E. Jessup, by an order made by the Supreme Court at a Special Term thereof, on the 23d day of November, one thousand eight hundred and eighty-six, the United States Trust Company of New York was appointed trustee in the place and stead of Harmanus B.

Duryea and John Leveridge, deceased, the latter the surviving trustee of and under the will of Gilbert W. Bowne, deceased, of the said trust fund of twenty thousand dollars for the said Jane E. Jessup."

In June, 1894, the administrator of Jane E. Jessup moved on the interlocutory judgment, the report of the referee and the final judgment at Special Term, for an order that the final judgment be corrected so that the representative of Jane E. Jessup should be adjudged entitled to recover in addition to the $6,265.20, the amount deducted for taxes, the amount of $7,298.15, the interest on the sums paid for taxes, as shown by the report of the referee. This motion was denied and the administrator of Jane E. Jessup appeals.

*E. T. Rice*, for the appellant.

*James C. Hays, Sherman Evarts* and *Joshua M. Van Cott*, for the respondents.

FOLLETT, J. :

It is not adjudged by the interlocutory judgment that Jane E. Jessup was entitled to recover interest on the amounts paid by the trustees for taxes on the trust fund and deducted from the annual payments made to her. That question was left for determination on the coming in of the report. The referee had no authority to determine any question of law, and he did not assume to decide that Miss Jessup was entitled to interest on the sums paid for taxes. He simply reported the sums paid, the dates when paid and the interest on these sums, and left it with the court to determine, by the final judgment, whether interest should or should not be allowed. By the final judgment it is determined that the representative of Miss Jessup is not entitled to interest on these sums. There is no inconsistency between the interlocutory and final judgments, and there is no mistake which can be corrected on motion. The only way that the decision of the Special Term, embodied in the final judgment, can be reviewed, is by an appeal from that judgment.

The order should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.